*35
Curia, per

Richardson, J.'
The plaintiff sues in the right of J. B. Glenn, and the question is, could J. B. Glenn himself have maintained such an action.' One would surmise that, the contract sued upon was intended to indicate the liability of all the signers to the Glenn Spring Company. But, from the form of the contract adopted, Glenn’s position was this; he and fifteen other persons signed the written instrument called a note, and made' it payable to himself, J. B. Glenn. Upon this note, his representative brings suit against J. R. B. Sims, one of the joint and several signers.
But if any one was liable to Glenn, upon the note, he was himself equally liable. J. B. Glenn is therefore promiser and promisee, and liable, like each of his joint promisers, for the whole amount of the so called note.
He evidently, then, united, in his own person, both the character of plaintiff and defendant, being maker and payee too. Such a position is ’ inconsistent; satisfaction lies in his own hands; he has only to do what he promised, and the note is discharged. If the defendant, Sims, had paid it, it could be no more. They are presented as if co-partners. Such a case is very like that of a testator making his debtor his executor. The executor cannot sue himself at law. Such action is released by the appointment and acceptance of the executor; 1 Com. Digest, 336 Toller, 230 ; or that of a feme sole taking her own debtor to husband; or where one of two femes sole marries'their obligor, the action at law is released. 2 Coke Lit. 264 b. See, also, our own decision in the case of Livingston, executor of Bostick, against himself as ordinary of Abbeville district, 2 Mills C. R. 428. In all such cases, the proper relief is administered by the Court of Equity, which has power to proceed upon the original contract, as in this case, perhaps, to contribute or pay for the use of the Glenn Spring Company; while this court is confined to the written form to which such contract has been reduced, without regard to parties who may be truly concerned in the recovery of the debt.
The special plea in bar must, therefore, prevail, and the judgment be arrested.
QNeall, Butler and Wardlaw, JJ. concurred.